IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**SHASHI MASIH,**

   **Plaintiff,**

v.              **CASE NO. 3:15-CV-0975-G-BK**

**BANK OF AMERICA, N.A. and DAN WILLEMS,**

   **Defendants.**

### FINDINGS, CONCLUSIONS AND RECOMMEDATION

   Pursuant to *Special Order 3*, this cause has been referred to the undersigned for pretrial management. The case is now before the undersigned for a recommendation on Defendants' *Motions to Dismiss*. Doc. 9; Doc. 10. Plaintiff, proceeding through counsel, originally filed this action in state court in February 2015, raising a claim of wrongful foreclosure. Doc. 1-1 at 5. Defendant Bank of America ("BOA") removed the case to this Court based on diversity jurisdiction. Doc. 1 at 2-4. Defendant Willems filed his *Motion to Dismiss for Failure to State a Claim* on April 20, 2015, Doc. 9, and BOA filed its *Amended Motion to Dismiss*, Doc. 10, on April 21, 2015. Plaintiff, who is represented by legal counsel, was required to file her response, if she opposed the relief requested, by May 11, 2015 and May 12, 2015, respectively, but she did not done so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions). Due to Plaintiff's failure to respond to Defendants' motions, this Court issued an *Order to Show Cause*, warning her that she risked dismissal of her case pursuant to Defendants' motions and/or for failure to prosecute. Doc. 11. Plaintiff was ordered to show cause in writing by June 22, 2015, why she did not respond to Defendants' dismissal motions. That deadline has now passed, and Plaintiff did not respond as ordered.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Id*. Plaintiff failed to respond to Defendants' dismissal motions and failed to comply with this Court's *Order to Show Cause*. Accordingly, this action is subject to dismissal without prejudice.

Before considering whether dismissal on that basis is appropriate, however, the Court has an independent duty to first determine whether it has subject matter jurisdiction. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The record reflects that: (1) Plaintiff is a citizen of Texas; (2) BOA is a citizen of North Carolina; and (3) Willems is a citizen of Texas. Doc. 1 at 2. The parties thus are not completely diverse for purposes of federal diversity jurisdiction.[1] BOA urges the Court to ignore, as nominal, the non-diverse party in assessing jurisdiction. *Id.* Indeed, the Court considers only the citizenship of real and substantial parties to a controversy and may disregard nominal or formal parties who have no real interest in the dispute at hand. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted). An alternate articulation of the test is whether a named party's "role in the law suit is that of a depositary or stakeholder." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assts. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) (internal

---

[1] The amount in controversy is satisfied for jurisdictional purposes. *See* Doc. 1-2 at 2 (Dallas Central Appraisal District appraisal valuing the subject property at $158,000).

quotations omitted).  In sum, a "plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal."  *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 710 (N.D. Tex. 2011) (Lynn, J.) (quotation omitted).  In *Marsh*, the district court retained subject matter jurisdiction over a foreclosure action filed against the banks' non-diverse substitute trustees and legal counsel.  The court found that there was no reasonable basis for predicting that the plaintiffs' claims against those parties would be successful in state court because, in reality, only the rights of the banks were in dispute.  *Id.* at 708-10.  Consequently, the court dismissed the claims against the non-diverse defendants.  *Id.*

Under the circumstances of this case, the Court concludes that Willems is indeed a nominal party.  The only allegation Plaintiff raises against Willems is that Willems purchased his property at the allegedly wrongful foreclosure sale that BOA conducted and has initiated a separate eviction proceeding in state court.  Doc. 1-1 at 5.  To state a claim for wrongful foreclosure, a plaintiff must allege (1) a defect in the foreclosure sale proceeding; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.  *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008).  In this case, Plaintiff has alleged none of these elements against Willems nor would any apply to him as the purchaser of the property.  In actuality, only the rights of BOA are in dispute in this matter.  *Marsh*, 760 F. Supp. 2d at 710.  Plaintiff's dispute with Willems may be addressed separately in the currently pending eviction proceeding in state court.  Accordingly, Willems is a nominal defendant whose citizenship should not be considered for purposes of assessing subject matter jurisdiction in this case.

The undersigned next addresses Plaintiff's failure to respond to Defendants' dismissal motions and comply with this Court's order directing a response.  Normally, under the circumstances present here, an action is subject to dismissal without prejudice.  Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a

party from refiling his case. *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, however, the statute of limitations on Plaintiff's wrongful foreclosure claim does not appear to expire until 2018. *See* Doc. 1-1 at 4 (state court petition alleging that BOA sold Plaintiff's property at a foreclosure sale on December 2, 2014); *Martin v. Cadle Co.*, 133 S.W.3d 897, 905 (Tex.App.–Dallas, 2004) (noting four-year statute of limitations for wrongful foreclosure claims). Thus, dismissal of this case without prejudice will not unfairly affect Plaintiff's legal interests. Accordingly, the District Court should dismiss this action without prejudice for lack of prosecution and for failure to comply with a Court order.

**SO RECOMMENDED** on July 6, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE